UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEONARD R. O'NEILL, JR.,
   Plaintiff,

v.

ELECTRIC BOAT CORPORATION,
   Defendant.

C.A. No. 18-256-JJM-LDA

ORDER

Before the Court is Defendant Electric Boat Corporation's Motion to Dismiss Plaintiff Leonard R. O'Neill, Jr.'s Complaint. ECF No. 21.

Leonard R. O'Neill, Jr. worked at Electric Boat for fifteen years as a shipfitter and a structural inspector. Electric Boat laid him off in 1997 in good standing. In 2013, Mr. O'Neill applied for work again at Electric Boat and they offered him a job but rescinded it a few months later after discovery of Mr. O'Neill's pending federal criminal charge. Mr. O'Neill filed a charge of discrimination against Electric Boat with the Equal Employment Opportunity Commission alleging sex and criminal status discrimination. During a telephone conference mediation, Mr. O'Neill alleges that Electric Boat and he reached an oral agreement that if a position was available after his incarceration, Electric Boat would hire him. The signed settlement agreement says nothing about this oral agreement.

After his release, Mr. O'Neill applied for a job at Electric Boat in 2016, but Electric Boat refused to hire him. As a result, he filed this lawsuit claiming that Electric Boat breached its promise to him to hire him when he was released and

discriminated against him. Electric Boat has moved to dismiss the complaint claiming that it had no contract with Mr. O'Neill to rehire him, and that he alleges no valid claim for age discrimination.

*Contract*

Mr. O'Neill's claim that he had a contract with Electric Boat for it to rehire him after his release does not hold up for at least three reasons:

1. Mr. O'Neill does not allege a valid enforceable contract because he does not plead that he gave any consideration (benefit negotiated between the parties) to Electric Boat in exchange for a promise to rehire him. *See Andoscia v. Town of N. Smithfield*, 159 A.3d 79, 82 (R.I. 2017) (finding that no contract existed where there was no evidence of consideration in exchange for a guaranteed term of employment).

2. The written settlement agreement (the contract) does not have the promise Mr. O'Neill alleges. He claims that it was an oral promise, but the law does not support an oral promise when there is a complete written agreement. *See Giorgio v. Nukem, Inc.*, 624 A.2d 896, 899 (Conn. App. 1993) (holding that prior negotiations and agreements may not add to a fully integrated written agreement)[1]; *accord Riley v. St. Germain*, 723 A.2d 1120, 1122 (R.I. 1999) (holding that

---

[1] The Electric Boat Agreement provides that it is to be "interpreted pursuant to the laws of Connecticut." ECF No. 14-2 at Ex. C ¶ 11. In any event, Rhode Island authority stands for the same proposition.

2

contemporaneous oral modifications may not add to an integrated written agreement).

3. The law requires a contract that cannot be completed within one year to be in writing. Because Electric Boat made the alleged oral promise in 2013, and Mr. O'Neill sought enforcement in 2017, any enforceable contract would have to have been in writing. *See* R.I. Gen. Laws § 9-1-4 ("No action shall be brought...to charge any person upon any agreement which is not to be performed within the space of one year from the making...unless the promise or agreement upon which the action shall be brought...shall be in writing, and signed by the party to be charged...").

For all these reason Mr. O'Neill's claim of breach of contract fails.

*Discrimination*

Mr. O'Neill claims that Electric Boat discriminated against him in violation of the "discrimination in employment act of 1967." He is referring to the Age Discrimination in Unemployment Act of 1967. 29 U.S.C. § 621. The problem with this claim is that Mr. O'Neill neither alleges his age, nor any plausible facts that would allow one to conclude that Electric Boat did not hire him because of his age.

CONCLUSION

While it is certainly understandable that Mr. O'Neill is frustrated that his criminal record is keeping him from getting a job that he wants, unfortunately for

3

him, neither contract law nor existing federal discrimination law supports any claim for relief.

The Court therefore GRANTS Defendant Electric Boat Corporation's Motion to Dismiss. ECF No.21.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

April 3, 2019